# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISAAK SIMON ARAYA,<br>3307 Chauncey Place, #103<br>Mount Rainier, MD 20712<br><br>   Plaintiff,<br><br> v.<br><br>UNITED STATES OF AMERICA<br>SERVE ON:<br>Merrick Garland<br>Attorney General of the United States of America<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC  20530-0001<br><br>   and<br><br>Matthew M. Graves<br>United States Attorney for the<br>District of Columbia<br>601 D Street, NW,<br>Washington, DC 20530<br><br>And<br><br>Jonathan Meyer – General Counsel<br>Office of the General Counsel<br>U.S. Department of Homeland Security<br>245 Murray Lane, SW<br>Mail Stop 0485<br>Washington, DC 20528-0485<br><br>And<br><br>Alejandro Mayorkas<br>Secretary - Department of Homeland Security<br>2707 Martin Luther King Jr. Avenue, SE<br>Mail Stop 0525<br>Washington, DC 20528-0525<br><br>   Defendant. | Civil Action No.: 1:23-CV-00145 |

## COMPLAINT

COMES NOW the Plaintiff, ISAAK SIMON ARAYA, by and through counsel, David B. Helfand and Barry H. Helfand, P.A., and sues the Defendant, UNITED STATES OF AMERICA and for cause states as follows:

## PARTIES

1. Plaintiff ISAAK SIMON ARAYA is an adult citizen of the United States and currently resides at 3307 Chauncey Place, Mount Rainier, Maryland 20712 which is located in Prince George's County, Maryland.

2. Defendant is the UNITED STATES OF AMERICA.

## JURISDICTION AND VENUE

3. This Federal District Court has jurisdiction of this cause because this action is brought pursuant to and in compliance with 28 U.S.C. §§ 1346(b), 2671-2680 et seq., commonly known as the "Federal Tort Claims Act," which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

4. The amount of this claim exceeds Seventy-Five Thousand Dollars ($75,000.00), and venue is proper in this district pursuant to 28 U.S.C. § 1391(e), as the United States is the Defendant and the events or omissions giving rise to the claim occurred in the District of Columbia.

## JURISDICTIONAL PREREQUISITES

5. Plaintiff pleads pursuant to 28 U.S.C. §§ 2672 and 2675(a) that the claims set forth herein were filed with and presented administratively to Defendant's agency, U.S. Department of Homeland Security United States Secret Service (hereinafter referred to as "U.S. Secret Service", on January 20, 2022, specifically to Raman Santra, Senior Counsel, at the Office

of Chief Counsel, United States Secret Service (hereinafter referred to as "Senior Counsel"); that Senior Counsel, indicated that he was authorized to accept service on behalf of the U.S. Department of Homeland Security United States Secret Service; that Senior Counsel agreed to accept service on behalf of the U.S. Secret Service; that Senior Counsel agreed to accept service via email; and that said Senior Counsel confirmed receipt of said service; and that Senior Counsel provided confirmation that said claim was sufficient for the agency to consider complete. Additionally, a redundant hard copy was also timely sent and received by the U.S. Secret Service. More than six (6) months passed without the U.S. Secret Service making a final disposition of the Plaintiff's claims. Then, on November 2, 2022 The U.S. Secret Service made a final offer indicating that the offer would remain open for forty-five (45) days, and advising that if the U.S. Secret Service does not receive the release form or other correspondence within the 45-day period, the U.S. Secret Service will consider this non-response a rejection of this offer and deem the claim denied; that this denial at the end of the 45-day period will be a final denial of this claim; and advised that this claim must be filed within six months of this final denial.

      6.      Plaintiff did not accept the offer, did not provide the release form, or send other correspondence in response to the offer made by the U.S. Secret Service within the forty-five (45) day period rendering this a rejection of the offer, and a final denial of Plaintiff's claim. As such, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

## **LIABILITY OF THE UNITED STATES OF AMERICA**

      7.      Liability of the UNITED STATES OF AMERICA is predicated specifically on 28 U.S.C. §§ 1346(b) and 2674 because the personal injuries and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts and/or omissions

of an employee of the United States of America while acting within the scope of his employment, under circumstances where the UNITED STATES OF AMERICA, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the law of the District of Columbia.

### THE UNITED STATES SECRET SERVICE IS AN AGENCY OF THE UNITED STATES OF AMERICA

8. The U.S. Secret Service is an agency of the UNITED STATES OF AMERICA The UNITED STATES OF AMERICA, Defendant herein, through its agency, United States Secret Service, at all times relevant hereto, employed agents, servants and or employees to perform its functions.

### EMPLOYMENT AND COURSE AND SCOPE

9. Upon information and belief at all times material hereto, Justin R. Mitchell was an agent, servant and/or employee of the U.S. Secret Service who, at all times relevant to this claim, was acting within the course and scope of his employment.

### COUNT I
### Negligence/ Gross Negligence – ISAAK SIMON ARAYA v. USA

10. On or about January 26, 2020 at approximately 8:42 am., Plaintiff ISAAK SIMON ARAYA was the driver of a motor vehicle that was traveling through a green light on Porter Street at the intersection with Connecticut Avenue, a public roadway and intersection in Washington, D.C. when there was a collision between the vehicle that Plaintiff was driving and a vehicle operated by Justin R. Mitchell. At all times relevant hereto, the Plaintiff was exercising due care and caution, and Plaintiff's actions did not contribute to the collision.

11. Upon information and belief at the aforesaid time and place and at the time of the collision, Justin R. Mitchell, was travelling through a red light on Connecticut Avenue across the

intersection with Porter Street, a public road and intersection in Washington, D.C.; that at said time Justin R. Mitchell was operating a 2015 Ford Taurus with permission of the owner, DHS Fleet Division (US Secret Service); and that he was operating the aforementioned vehicle in his official capacity as an agent, servant and/or employee of the U.S. Secret Service.

12. Upon information and belief all of the acts and omissions of Justin R. Mitchell as described herein were committed within the scope of his employment with the U.S. Secret Service, and he committed them while on duty and in furtherance of the U.S. Secret Service's interests.

13. At all times relevant herein it was the duty of Justin R. Mitchell to operate the motor vehicle he was driving free from negligence, and with due care and regard for the safety of other motorists and vehicles on the roadway.

14. Notwithstanding said duties, Justin R. Mitchell traveled at an excessive speed through a red traffic light, did not clear the intersection, and did not to pay full time and attention to his driving, thereby causing a collision between his vehicle and the vehicle that Plaintiff was driving.

15. Justin R. Mitchell operated said vehicle in a negligent and/or grossly negligent manner in that he failed to drive in a safe, reasonable, prudent and proper manner and in addition, he violated his statutory, regulatory, and common law duties then and there in full force and effect by: failing to pay full time and attention to his driving; failing to keep a proper lookout; failing to keep proper control of the vehicle he was operating; failing to operate his vehicle at a safe speed; failing to avoid or attempt to avoid a collision with Plaintiff's vehicle; traveling through a red traffic light, traveling through a red light without clearing the intersection, failing to turn on his siren or in the alternative failing to turn on his siren in a timely

manner, failing to use the emergency equipment properly, failing to follow other rules and regulations pertaining to the operation of motor vehicles in the District of Columbia; and failing to follow federal rules and regulations; as well as committing other acts of negligence and/or gross negligence.

16. It is alleged that the UNITED STATES OF AMERICA is liable for the negligence and/or gross negligence of Justin R. Mitchell under the principle of *respondeat superior*.

17. As a direct and proximate result of the aforesaid acts of negligence and/or gross negligence, as well as other acts of negligence and/or gross negligence on the part of Justin R. Mitchell, Plaintiff ISAAK SIMON ARAYA sustained serious, painful, and permanent injuries, physical suffering, mental anguish and disability, as well as permanent disfigurement. Some of the forementioned injuries include, but are not limited to, the following: acute respiratory failure, traumatic subarachnoid hemorrhage, diffuse axonal injury, severe traumatic brain injuries, memory deficit, traumatic hemorrhage of cerebrum with loss of consciousness, anosmia (loss of smell), cognitive disorder, balance disorder, headaches, dizziness, insomnia, gastroesophageal reflux disease without esophagitis, as well as other bodily injuries.

18. As a direct and proximate result of the injuries Plaintiff sustained in the aforementioned collision, Plaintiff was caused to undergo extensive medical treatment including surgery for the care of said injuries and caused to incur medical and other costs; caused to lose considerable time and wages from work and incur a loss of income, and incur other losses and damages as well; all of which caused the Plaintiff great pain and physical suffering, mental anguish, and disability, all to his detriment.

19.     Plaintiff also alleges that he is unable to live independently and will be unable to live independently in the future and that Plaintiff has had to incur costs and will in the future incur costs related to his injuries; that Plaintiff has incurred and will continue in the future to incur medical and other expenses in connection with said injuries including, but not limited to the cost of aids/ personal attendants and other accommodations, and that Plaintiff has in the past and will in the future suffer loss of income and other pecuniary loss.  In addition, the Plaintiff has in the past and will continue to endure great pain and physical suffering, mental anguish, and other damages.

20.     Plaintiff also alleges that he incurred property damage to his vehicle as a result of the negligence of Justin R. Mitchell.

21.     Plaintiff ISAAK SIMON ARAYA further alleges upon information and belief that all damages, injuries, and losses - past, present and future - were caused solely by the negligent and/or grossly negligent acts and/or omissions of Justin R. Mitchell, as the agent, servant and/or employee of Defendant UNITED STATES OF AMERICA, without any negligence or want of due care on the part of the Plaintiff contributing thereto.

WHEREFORE, the Plaintiff, ISAAK SIMON ARAYA demands judgment against the Defendant, the UNITED STATES OF AMERICA, in the amount of Forty-Nine Million Five Hundred and Nine Thousand Eight Hundred and Eighty-Two Dollars ($49,509,882.00) in

compensatory damages, plus interest and costs, as well as such further and additional relief as the nature of the case may require and which this Honorable Court may deem just and proper.

        Respectfully submitted,

        **BARRY H. HELFAND, P.A.**

        ____/s/ David B. Helfand_____
        David B. Helfand, Esquire     Bar# 447466
        110 North Washington Street, Suite 502
        Rockville, Maryland 20850
        Phone: 301-251-9001
        Fax: 301-251-1846
        Email: injury@bhelfandlaw.com
        Attorney for Plaintiff